IN THE GRAND COURT OF THE CAYMAN ISLANDS
FINANCIAL SERVICES DIVISION

CAUSE NO: FSD 188 OF 2021 (DDJ)

IN THE MATTER OF THE COMPANIES ACT (2021 REVISION)

AND IN THE MATTER OF INCOME COLLECTING 1-3 MONTHS T-BILLS MUTUAL FUND (IN VOLUNTARY LIQUIDATION)



### PETITION

Grand Court

This humble petition of Russell S. Homer and Karen Scott of Chris Johnson Associates Ltd., of PO Box 2499, 80 Shedden Road, Elizabethan Square, George Town, Grand Cayman KY1-1104, Cayman Islands (the "**Petitioners**"), acting in their capacity as the joint voluntary liquidators (the "**JVLs**") of Income Collecting 1-3 Months T-Bills Mutual Fund (In Voluntary Liquidation) (the "**Company**" or the "**Fund**"), shows that:

**Preamble**

1. The purpose of this Petition is that the voluntary winding up of the Company be made subject to the supervision of the Court pursuant to section 131 of the Companies Act (2021 Revision) (the "**Companies Act**") on the grounds that the Company is insolvent or likely to become insolvent, and that the supervision of the Court will facilitate a more effective, economic, and expeditious liquidation of the Company in the interests of contributories and creditors.

1

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                    Page 1 of 14                    2021-06-30

**Background to the Company**

2. The Company was incorporated in the Cayman Islands on 6 February 2017 with the purpose to operate as a mutual fund under the laws of the Cayman Islands. The registration number of the Company issued by the Registrar of Companies ("**ROC**") is 319456.

3. The former registered office of the Company was at Corporate Management Solutions (Cayman) Ltd., One Capital Place, 3rd Floor, 130 Shedden Road, PO Box 799, Grand Cayman, KY1-1103.

4. The amended memorandum and articles of association of the Company dated 3 August 2020 (the "**Articles**") show that (i) the objects for which the Company was established are unrestricted; (ii) the Company has full power and authority to exercise all the functions of a natural person of full capacity; and (iii) the authorised share capital of the Company is US$50,000 divided into 100 management shares with a par value of US$0.01 (the "**Management Shares**") and 4,999,900 participating shares with a par value of US$0.01 which may be issued in different classes (the "**Participating Shares**").

5. The Company's current directors are Boisy Roberts and Trevor Liburd (the "**Directors**").

6. The Company's Management Shares (voting) are held by NY Alaska ETF Management LP, a limited liability company duly incorporated in the Bahamas (the "**Sole Shareholder**").

7. In accordance with the Company's Register of Members, 10,000 Participating Shares (non-voting) are issued to T-Bill Securities LLC, a limited liability company, incorporated in Nevada, USA.

2

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188            Page 2 of 14                                    2021-06-30

8. The Company had previously advised the JVLs that the 'only shareholder' was Mosaic Financial Services Ltd. ("**Mosaic**"), a company registered with the Securities Commission of The Bahamas. However, Mosaic is not included on the Company's Register of Members.

9. Recent communications from the Company's US legal counsel, Reid & Wise LLP, to Mosaic's US legal counsel, stated that the Company was unable to effect the redemption request submitted by Mosaic until such time as Mosaic could comply with due diligence AML requests. The Company also provided alternative redemption proposals by way of 'in kind' settlements and instalment payments from the Company's future income.

10. The Prospectus for the Company describes its structure, investment strategy, investments, anticipated returns, and the methods for purchasing and redeeming shares. The Prospectus describes its investment objective as "*seeking current income consistent with the preservation of capital and daily liquidity*".

11. The Prospectus represents that the Fund would invest primarily in U.S. Treasuries with remaining maturities of one to three months. In the description of the fund's "Principal investment Strategies", the Prospectus discloses, in relevant part, that:

> "*the Fund invests its net assets primarily (exclusive of collateral with respect to securities lending and reverse repurchase agreement transactions) in U.S. Treasury securities, which include bills, notes, and bonds issued by the U.S. Treasury.*"

12. The Fund consisted of multiple share classes listed on the NASDAQ market headquartered in New York, using NASDAQ symbols; "BILLX", "GOVAX", GOVBX", "GOVDX", GOVTX" and "USABX". As at the date of this Petition, the JVLs understand that all share classes in the Fund other than GOVBX have been redeemed.

3

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188            Page 3 of 14            2021-06-30

**Litigation by the Securities Exchange Commission**

13. On 16 June 2021, the Securities and Exchange Commission ("**SEC**") in the United States filed an emergency *ex parte* application for an asset freeze and other equitable relief against the Company (and others) (the "**Freezing Application**") in the United States District Court (Southern District of New York) (the "**USDC**"). The Freezing Application was supported by a Complaint filed 18 June 2021 (the "**SEC Complaint**") in which the SEC alleges that:

> *"From at least March 2018 to the present, Defendants Ofer Abarbanel and Victor Chilelli, and the Income Collecting 1-3 Months T-Bills Mutual Fund that they formed and which Abarbanel controls, have engaged in a fraudulent investment scheme to deceive investors in the Fund....During the course of their scheme, Abarbanel, Chilelli, and the Fund have depleted, dissipated, and misappropriated investor funds deposited in the Fund through a fraudulent course of conduct that includes the creation of nominee shell companies, the diversion of funds to these shell companies in uncollateralized loan transactions that violate the requirements of the Fund prospectus, and the submission of false or misleading statements of material facts to investors to disguise their misconduct....Most recently, Abarbanel and the Fund have refused to honor the redemption demands of the largest group of investors ("Investor Group A") of approximately $106 million they invested with the Fund, in violation of the Fund's Prospectus. Instead, the Defendants have misappropriated and dissipated Investor Group A's assets, including in June 4, 2021, by transferring $64 million of Investor Group A's deposits into a brokerage account from which no redemptions may be drawn, and from which these assets are subject to further dissipation and misappropriation."*

14. The SEC Complaint charges that the Company, and those alleged to have been in actual control of the Company (not being the Directors), with violating the antifraud provisions of the federal securities laws in the United States, and seeks permanent injunctions, disgorgement with

4

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                                    Page 4 of 14                                    2021-06-30

prejudgment interest, civil penalties, and permanent bars against participating in future securities offerings.

15. On 21 June 2021, the USDC made an order freezing all of the Company's assets within the United States (according to press releases issued by the SEC) (the "**Freezing Order**"). At the time of this Petition, the JVLs have been unable to obtain a copy of the Freezing Order.

**Voluntary Liquidation**

16. On 22 June 2021 (the "**Commencement Date**"), the Company was placed into voluntary liquidation pursuant to a written special resolution passed by the Sole Shareholder pursuant to section 116(c) of the Companies Act (the "**Shareholder Resolution**"). The Shareholder Resolution stated that the shareholder of the Company had decided that "*it is appropriate having regard to all of the circumstances to wind up the Company's affairs.*"

17. The Shareholder Resolution also appointed Russell S. Homer and Karen Scott as joint voluntary liquidators, with the power to act jointly and severally.

18. At the Commencement Date, the Directors were the only directors of the Company.

19. In compliance with the Companies Winding Up Rules, 2018 ("**CWR**"), O.13 and section 123 of the Companies Act the following documents were filed with the Cayman Islands Registrar of Companies on 22 June 2021:

   a. The Notice of Voluntary Winding Up of the Company signed by the JVLs stating that:
      i. The Company was put into liquidation on 22 June 2021 by special resolution passed at an extraordinary meeting of the Company (by the Sole Shareholder of the Company) on 22 June 2021; and
      ii. Russell Homer and Karen Scott of Chris Johnson Associates Ltd., have been appointed as JVLs of the Company; and

5

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                           Page 5 of 14                           2021-06-30

b. The Voluntary Liquidators Consent to Act signed by the JVLs on 22 June 2021.

20. The JVLs have arranged the publication of a notice of the voluntary winding up in the Cayman Islands Gazette.

**Insolvency of the Company**

21. On 22 June 2021, the Directors executed a declaration of solvency confirming that the Company will be able to pay its debts in full, together with interest at the prescribed rate within a period of twelve (12) months from the commencement of the winding up (the "**DoS**").

22. Despite the execution of the DoS, the Petitioners consider the Company to be insolvent or of doubtful solvency due to its current cash position and because the Directors' assessment of the solvency of the Company does not appear to consider the Freezing Order, the SEC Complaint, nor any contingent liabilities likely to arise out of same.

23. The Petitioners understand (from the SEC Complaint) that the Company has (known) general liabilities of US$106,000,000 representing outstanding redemption requests by its remaining investors. The Directors understand that the Company is likely to have additional liabilities, however, the quantum and identity of said liabilities is not currently known.

24. According to the SEC Complaint, while the Company claims to hold assets totalling US$114,800,000, the SEC's own investigations have revealed that the Company is likely to only hold assets totalling US$88,000,000. If the SEC is correct in its assessment as to the assets held by the Company, they will be insufficient to discharge the liabilities of the Company, and accordingly, the Company is insolvent or likely to become insolvent on a balance sheet basis.

25. However, in light of the Freezing Order granted by the USDC, it is the JVLs' joint opinion that the Company is unable to meets its debts as and when they fall due as a result of not being able

6

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                    Page 6 of 14                    2021-06-30

to access its assets (whatever they may be), and is therefore insolvent or likely to be insolvent on a cash flow basis.

**Conduct of the Voluntary Liquidation**

26. Since the Commencement Date, the JVLs have taken the following steps/actions:

    a. Complied with the statutory notification of the voluntary liquidation appointment to the ROC and the Cayman Islands Monetary Authority ("**CIMA**");
    b. Notified the Directors of their duties post-liquidation, including their duties to retain the Company's books and records;
    c. Made numerous efforts to communicate with one of the directors and the Fund Administrator to ascertain bank account details;
    d. Collected in books and records, including the current management accounts where available;
    e. Met with CIMA to provide them with an update on the status of the liquidation, to discuss the circumstances surrounding the Company, to discuss future steps in the liquidation and to be advised by CIMA that they agree with the JVLs determination that the Company's liquidation should be brought under the supervision of the Court on an urgent basis;
    f. Retained Cayman legal counsel to address this Petition;
    g. Communicated with all known service providers to advise of the JVLs' appointment;
    h. Communicated with all known service providers to request the Company's books and records; and
    i. Examined the financial information and documentation the JVLs have received.

7

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                    Page 7 of 14                    2021-06-30

**Requirement for supervision of the Court**

27. It is the Petitioners' view that the voluntary winding up of the Company should be made subject to the supervision of the Grand Court of the Cayman Islands ("**Court**") because the Company is or is likely to become insolvent due to its current cash position and because of the Freezing Order and/or the SEC Litigation.

28. Further, the Petitioners consider that the supervision of the Court will facilitate a more effective, economic and expeditious liquidation of the Company in the interests of the contributories and creditors for the following reasons:

    a. There is a real need for an investigation (pursuant to a supervised liquidation) into the affairs of the Company, including the reasons for the very significant losses sustained on the investments in the Company and the actions of Mr. Ofer Abarbanel and Mr. Victor Chilelli;

    b. The web of investments made by the Company, coupled with the current legal proceedings against the Company could lead to contentious issues arising during the course of the voluntary liquidation which will require the exercise of powers afforded to official liquidators, and of this Court, to adjudicate and determine any such issues;

    c. A Court supervised liquidation would afford the JVLs statutory power to apply to the Court for an order to examine any relevant person for the purpose of investigating the Company's affairs and to require directors and officers of the company and its professional service providers to submit a statement, verified by affidavit, dealing with prescribed matters;

    d. As a result of the SEC Complaint, the Company may need to seek the Court's intervention to restrain potential foreign proceedings, all of which are aimed at the orderly liquidation of the Company within the Cayman Islands and resolve any disputes in a single forum, in the best interests of the Company and its stakeholders;

8

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                           Page 8 of 14                              2021-06-30

  e. Given the size and complexity of the liquidation, the JVLs consider it likely that CIMA will be more comfortable that the Company's liquidation be brought under the supervision of the Court;

  f. The JVLs may need to seek Chapter 15 recognition in the United States and make an application in the United Sates for the stay of proceedings in respect of the present and potential future litigation proceedings to further ensure the economical and orderly liquidation of the Company;

  g. As at the date of this petition, the Petitioners have not received any communication from creditors or shareholders which gives the Petitioners reason to believe that any creditor or shareholder objects to the appointment of the Petitioners as JOLs of the Company;

  h. The investigations into the Company will need to take place in any event and the supervision of the Court will benefit those investigations;

  i. Knowledge in the outside world of the independence of the Court supervised liquidation will itself assist the JVLs' enquiries of and dealings with service providers, directors, officers, CIMA, SEC, shareholders, and other stakeholders, thereby rendering the liquidation that more effective; and

  j. Given the size and complexity of the liquidation, and having met with the JVLs, CIMA confirms it supports the JVLs' application for the Company's liquidation to be brought under the supervision of the Court on an urgent basis.

29. For the reasons set out immediately above, the supervision of the Court will facilitate a more effective, economic and expeditious liquidation of the Company in the interests of the contributories and creditors.

9

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                         Page 9 of 14                         2021-06-30

## Consent to Appointment and Qualifications as Joint Official Liquidators

30. Russell S. Homer and Karen Scott:

    a. are qualified insolvency practitioners (as defined under section 89 of the Companies Act) and in accordance with Regulation 4 of the Insolvency Practitioners Regulations (as amended) (the "**Regulations**");

    b. are resident in the Cayman Islands and therefore meet the residency requirements contained in Regulation 5 of the Regulations;

    c. meet the independence requirements prescribed by Regulation 6 of the Regulations;

    d. meet the insurance requirements in accordance with Regulation 7 of the regulations; and

    e. consent to their appointment to act as joint official liquidators of the Company.

### YOUR PETITIONER THEREFORE HUMBLY PRAYS THAT:

1. All acts of Russell S. Homer and Karen Scott acting in their capacity as JVLs be confirmed.

2. The liquidation of the Company be continued under the supervision of the Court pursuant to section 131 of the Companies Act.

3. Russell S. Homer and Karen Scott of Chris Johnson Associates Ltd., of PO Box 2499, 80 Shedden Road, Elizabethan Square, George Town, Grand Cayman KY1-1104, Cayman Islands be appointed as joint official liquidators of the Company (collectively the "**Liquidators**").

4. The Liquidators shall not be required to give security for their appointment.

5. In addition to their powers prescribed in Part II of the Third Schedule of the Companies Act which are exercisable without sanction of this Court, the Liquidators may also without further sanction or intervention from this Court exercise, on a joint and several basis, all of the powers set out in Part I of the Third Schedule of the Companies Act. For the avoidance of doubt the powers bestowed on the Liquidators may be exercised by them within and outside the Cayman Islands.

6. Without prejudice to the generality of the foregoing, the Liquidators be authorised to take all such actions, within and outside of the Cayman Islands, as may be necessary or desirable to:

    a. have the power to bring or defend any action or other legal proceeding (including, but not limited to, any application for interim relief) in the personal name of the Liquidator or in the name and on behalf of the Company in the Cayman Islands and elsewhere,

10

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                    Page 10 of 14                    2021-06-30

including (but not limited to) actions or legal proceedings to: (i) obtain discovery; (ii) secure or collect the assets of the Company; and (iii) otherwise perform their functions or duties in the official liquidation;

b. collect, get in, inspect, review, secure, take possession of and copy the books, records and documents of the Company (whether in hard copy, electronic form or otherwise) and for that purpose to take all such proceedings as the Liquidators considers necessary;

c. investigate the affairs of the Company;

d. take steps to locate, demand and secure cash held by the Company in all bank accounts in the Cayman Islands or elsewhere;

e. control and otherwise deal with all existing bank accounts in the name of the Company and to open or to close any bank accounts in the name of and on behalf of the Company and to open any bank accounts on behalf of the Company for the purpose of paying the costs and expenses of the liquidation;

f. communicate with and carry out any necessary filings with regulatory bodies as appropriate, including, without limitation, the Cayman Islands Monetary Authority and the Cayman Islands Registrar of Companies, in the name and on behalf of the Company;

g. take control of the ownership interests of the Company in its direct subsidiaries and/or joint ventures, investment, associated companies, business or other entities (as applicable) ("Subsidiaries") of the Company in which the Company holds in interest, in each case wherever located, as the Liquidators shall think fit;

h. to take such other action in relation to all such Subsidiaries as the Liquidators shall think fit for the purpose of protecting the assets of the Company and managing the affairs of the Company;

i. obtain the recognition of their appointment and/or their powers in any other relevant jurisdictions and to make applications to the courts of such jurisdictions for that purpose, including (but not limited to) filing a petition for recognition of the liquidation and filing any claims, requests or applications for orders granting additional relief in those jurisdictions in accordance with the bankruptcy laws of those jurisdictions and, for the avoidance of doubt, the powers of the Liquidators may be exercised by him within and outside the Cayman Islands;

j. the power to engage staff (whether or not as employees of the Company) to assist the Liquidators in the performance of their functions and to cause them to be remunerated out of the assets of the Company as an expense of the liquidation; and

11

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

FSD2021-0188                              Page 11 of 14                              2021-06-30

k. the power to engage counsel, attorneys and other professionally qualified persons, whether in the Cayman Islands or elsewhere, to assist the Liquidators in the performance of their functions or duties, on such terms as the Liquidators may think fit and to cause them to be remunerated out of the assets of the Company as an expense of the liquidation.

7. No disposition of the Company's property by or with the authority of the Liquidators in either case in the carrying out their duties and functions and exercise of their powers under this Order shall be avoided and any payments made into or out of the bank account(s) of the Company in the ordinary course of business of the Company between the date of the presentation of the Petition herein and the date of the appointment of the Liquidators shall not be avoided by virtue of the provisions of section 99 of the Companies Act in the event of an order for the winding up of the Company being made on the Petition.

8. Pursuant to Section 97 of the Companies Act, no suit, action, or other proceedings, including criminal proceedings, shall be proceeded with or commenced against the Company except with the leave of the Court and subject to such terms as the Court may impose.

9. Subject to section 109(2) of the Companies Act and the Insolvency Practitioners' Regulations, the Liquidators be authorised to render and pay invoices out of the assets of the Company for their own remuneration.

10. The Liquidators be at liberty to meet all disbursements reasonably incurred in connection with the performance of their duties and, for the avoidance of doubt, all such payments shall be made as and when they fall due out of the assets of the Company as an expense of the liquidation.

11. The Liquidators shall be at liberty to apply generally.

12. The costs of the JVLs be met from the assets of the Company in priority to all other costs, other than those costs of and incidental to this Petition, inclusive of any outstanding court fees.

13. The costs of and incidental to this Petition shall be paid forthwith out of the assets of the Company on an indemnity basis as an expense of the liquidation.

14. Such further or other relief be granted as the Court deems appropriate.

**AND** your Petitioner will ever pray etc.

**DATED** the 25th day of June 2021

_____
BROADHURST LLC
Attorneys at Law for the Company

12

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

NOTE: This petition is intended to be served on those parties determined by the Court.

13

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)

## NOTICE OF HEARING

**TAKE NOTICE THAT** the hearing of this petition will take place at the Law Courts, George Town, Grand Cayman, on _11th Oct. 2021_ at 10.00am.

Any correspondence or communication with the Court relating to the hearing of this petition should be addressed to the Registrar of the Financial Services Division of the Grand Court at PO Box 495, Grand Cayman, KY1-1106, telephone 345 949 4296.

14

This Petition was presented by Broadhurst LLC, Attorneys for the Petitioners whose address for service is 4th Floor, Monaco Towers, 54 Edward Street, George Town, Grand Cayman, KY1-1104, Cayman Islands (Ref: 647-1/ICL)