KLESTADT WINTERS JURELLER
 SOUTHARD & STEVENS, LLP
Tracy L. Klestadt
John E. Jureller, Jr.
200 West 41st Street, 17th Floor
New York, New York 10036
Tel.: (212) 972-3000
Fax: (212) 972-2245

*Attorneys for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                                                           :
                                                                                    :    Chapter 15
INCOME COLLECTING 1-3 MONTHS T-BILLS       :
MUTUAL FUND,                                                         :
                                                                                    :    Case No. 21-
            Debtor in a Foreign Proceeding.               :
                                                                                    :
------------------------------------------------------------x

**APPLICATION FOR ORDER SCHEDULING HEARING AND**
**SPECIFYING THE FORM AND MANNER OF SERVICE AND NOTICE**

Russell S. Homer and Karen Scott (the "JVLs" or the "Foreign Representatives"), the Joint Voluntary Liquidators of Income Collecting 1-3 Months T-Bills Mutual Fund (In Voluntary Liquidation) (the "Fund" or the "Debtor"), for which a voluntary liquidation ("Voluntary Liquidation") has been commenced in the Cayman Islands, respectfully submits this application (the "Application") for entry of an order (i) scheduling a hearing on the relief sought in the Verified Petition for Recognition and Chapter 15 Relief (the "Petition"), filed contemporaneously herewith, and (ii) specifying the form and manner of service of notice thereof. In support of the Application, the Foreign Representatives respectfully represent as follows:

1

**BACKGROUND**

1. The Foreign Representatives commenced this case for the Debtor under chapter 15 of Title 11 of the United States Code (the "Bankruptcy Code") (the "Chapter 15 Case") to obtain recognition of the Voluntary Liquidation proceeding in the Cayman Islands. The Foreign Representatives anticipate that the Chapter 15 Case will complement the Debtor's primary proceedings in the Cayman Islands to ensure the effective and economic administration of the Debtor's liquidation efforts. Based upon the allegations of fraud against the Fund and its managers, the Chapter 15 Case may prove vital to assisting the JVLs investigations of alleged wrongdoings and their efforts to recover assets of the Fund for the benefit of its creditors. Importantly, a stay of any pending and potential litigation would be an important part of the JVLs' efforts to properly wind down the Fund.

2. On June 22, 2021, the Fund was placed into voluntary liquidation (the "Voluntary Liquidation") pursuant to a written special resolution passed by the sole shareholder pursuant to Section 116(c) of the Cayman Islands Companies Act (the "Shareholder Resolution"). A copy of the Shareholder Resolutions is attached to the Declaration of Russell S. Homer ("Homer Declaration") as **Exhibit A**. By the Shareholder Resolution, the Fund appointed the Foreign Representatives as joint voluntary liquidators for the Fund. The Shareholder Resolution authorizes the JVLs to, *inter alia*, "*do any act or thing considered to be necessary or desirable in connection with the voluntary liquidation*" and "*to file all necessary documents relating to or incidental to the foregoing resolutions.*"

3. On June 25, 2021, the JVLs filed a petition ("Liquidation Petition") with the Grand Court of the Cayman Islands, Financial Services Division ("Cayman Court"), under Cause No. FSD2021-0188 (the "Cayman Proceeding"), seeking, *inter alia*, the voluntary winding up of

the Fund subject to supervision of the Cayman Court and the appointment of the JVLs as the joint official liquidators of the Fund. A copy of the Liquidation Petition is annexed to the Homer Declaration as **Exhibit B**. *The Cayman Court has scheduled a hearing on the Liquidation Petition for October 11, 2021.*

4. The Fund is currently a defendant in an action commenced by the U.S. Securities and Exchange Commission ("SEC"), with its complaint ("SEC Complaint") filed on June 18, 2021 in the United States District Court for the Southern District of New York ("District Court"), and an accompanying emergency *ex parte* application by the SEC for an asset freeze and other equitable relief against the Fund and others (the "Freezing Application"). A copy of the SEC Complaint is annexed to the Homer Declaration as **Exhibit C**. A copy of the Freezing Application is annexed to the Homer Declaration as **Exhibit D**. The SEC Complaint charges the Fund, and those alleged to have been in actual control of the Fund (not being the directors thereof), with violating the anti-fraud provisions of the U.S. federal securities laws, and seeks, *inter alia*, permanent injunctions, disgorgement with prejudgment interest, civil penalties and permanent bar against participating in future securities offerings.

5. A further description of the Debtor's business, the events leading up to the commencement of the Voluntary Liquidation, and the facts and circumstances supporting the relief requested herein is set forth in the Homer Declaration filed contemporaneously herewith and which is incorporated herein by reference.

6. The Foreign Representatives submit that recognition of the Voluntary Liquidation as a foreign main proceeding and granting the associated relief is consistent with the purpose of chapter 15, which is to encourage cooperation between the United States and foreign countries to provide for the fair and efficient administration of cross-border insolvencies.

3

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157.

8. This case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a petition for recognition of the Cayman Proceeding under section 1515 of the Bankruptcy Code.

9. Venue is proper in this district under 28 U.S.C. § 1410(1) and (2).

10. The statutory bases for relief are sections 1504, 1515, 1517, 1520 and 1521 of the Bankruptcy Code.

## RELIEF REQUESTED

11. The Foreign Representatives seek entry of an order, substantially in the form attached hereto as **Exhibit A**, (i) setting 4:00 p.m. (New York Time) on or about 21 days after the date of service of the Hearing Notice (as defined below) as the deadline (the "Objection Deadline") by which any responses to the Petition must be received; (ii) setting the date for the hearing (the "Recognition Hearing") on the relief sought in the Petition on or about seven (7) days after the Objection Deadline or as soon thereafter as the Court's calendar permits, (iii) approving the form of notice of the Recognition Hearing (the "Hearing Notice") that is attached hereto at **Exhibit B**; and (iv) approving the manner of service of the Hearing Notice described herein.

## BASIS FOR RELIEF

12. Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides that the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all entities against whom provisional relief under Section 1519 of the

4

Bankruptcy Code is being sought, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and such other entities as the court may direct (collectively, the "Notice Parties") must be given at least 21 days' notice of a hearing to consider the petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Additionally, Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the presiding court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). Fed. R. Bankr. P. 2002(m) and 9007.

13. Although Bankruptcy Rule 2002(q) provides that the Notice Parties must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it does not specify the form or manner in which such notice must be given. Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice.

14. The Foreign Representatives respectfully submit that service of (i) the Hearing Notice, (ii) the Official Form Chapter 15 Petition; and (iii) the Petition (including the proposed order) (collectively, the "Notice Documents"), by overnight courier, upon the Notice Parties in accordance with Bankruptcy Rule 2002(q) within three (3) business days following entry of an order approving this Application constitutes adequate and sufficient notice of this chapter 15 case and the relief sought in the Petition. Accordingly, the Foreign Representatives respectfully request that this court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m) and 2007 and Bankruptcy Rule 2002(q).

15. Additionally, Bankruptcy Rule 1011(b) provides, among other things, that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the

Bankruptcy Code has 21 days from the date of service of the petition to respond to such petition. Fed. R. Bankr. P. 1011(b). The Foreign Representatives respectfully request, pursuant to Bankruptcy Rules 1011(b) and 2002(q), that the Court set the Objection Deadline on or about 21 days after service of the Petition and set the Recognition Hearing on or about seven (7) days following the Objection Deadline, or as soon thereafter as the Court's calendar permits, and that such time frames are appropriate.

16.    Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, among other things, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. §1514(c). The Foreign Representatives submit, however, that section 1514 only applies in plenary cases commenced under title 11 of the United States Code and does not apply in the context of an ancillary case under chapter 15. As explained in Collier on Bankruptcy, section 1514 is the "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that began with section 1511." 8 Collier on Bankruptcy, 1514.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. Rev. 2008) (emphasis added). Accordingly, the Foreign Representatives request that the requirements contained therein be waived in this instance. Courts in this district have repeatedly granted such a request.

**NO PRIOR REQUEST**

17.    No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Foreign Representatives respectfully request that this Court enter an order (i) granting the relief requested herein and (ii) granting the Debtor such other and further relief as the Court deems proper and just.

Dated: September 10, 2021

    KLESTADT WINTERS JURELLER
SOUTHARD & STEVENS, LLP
By: */s/ John E. Jureller, Jr.*
    Tracy L. Klestadt
    John E. Jureller, Jr.
200 West 41st Street, 17th Floor
New York, New York 10036
Tel.: (212) 972-3000
Fax No. (212) 972-2245
Email: jjureller@klestadt.com

*Attorneys for the proposed Foreign Representatives*

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                                             :
                                                                  :   Chapter 15
INCOME COLLECTING 1-3 MONTHS T-BILLS                              :
MUTUAL FUND,                                                      :
                                                                  :   Case No. 21-
            Debtor in a Foreign Proceeding.                       :
                                                                  :
-----------------------------------------------------------------x
```

**ORDER SCHEDULING HEARING AND SPECIFYING**
**THE FORM AND MANNER OF SERVICE OF NOTICE**

Upon the application (the "Application") of Russell S. Homer and Karen Scott (the "JVLs" or the "Foreign Representatives"), the Joint Voluntary Liquidators of Income Collecting 1-3 Months T-Bills Mutual Fund (In Voluntary Liquidation) (the "Fund" or the "Debtor"), for entry of an order (i) scheduling a hearing on the relief sought in the Verified Petition for Recognition and Chapter 15 Relief (the "Petition"), which was filed September 10, 2021, and (ii) specifying the form and manner of service of notice thereof; it is hereby

**ORDERED**, that the Recognition Hearing[1] shall be held before this Court on October __, 2021 at 10:00 a.m. (Prevailing Eastern Time), or soon thereafter as counsel shall be heard, before Honorable _____, United States Bankruptcy Judge, in Courtroom ____ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408; and it is further

**ORDERED**, that responses or objections, if any, to the Petition shall be made in writing and shall set forth the basis therefore, and such responses or objections must be filed with this Court and served upon Klestadt Winters Jureller Southard & Stevens LLP, 200 West 41st Street,

---

[1] Any capitalized term not otherwise defined herein shall have the meaning ascribed to such term in the Application.

8

17th Floor, New York, NY 10036, Attn: Tracy L. Klestadt and John E. Jureller, Jr., counsel to the proposed Foreign Representatives, so as to be actually received by them no later than 4:00 PM (Prevailing Eastern Time) on October __, 2021; and it is further

**ORDERED**, that the form of notice of the Recognition Hearing annexed to the Application as **Exhibit B** (the "Hearing Notice") is hereby approved; and it is further

**ORDERED**, that copies of (i) the Notice, (ii) the Official Form of Chapter 15 Petition and (iii) the Petition (including Exhibit A thereto) (collectively, the "Notice Documents") shall be served by overnight courier upon the Notice Parties within three (3) business days following entry of this Order; and it is further

**ORDERED**, that if any party files a notice of appearance in this case, the Foreign Representative shall serve the Hearing Notice upon such party within three (3) business days following the filing of such a notice of appearance if such documents have not already been served on such party (or its counsel); and it is further

**ORDERED**, that service pursuant to this Order shall be good and sufficient service and adequate notice of the Recognition Hearing.

Dated: New York, New York
      September __, 2021

                                                                 _____
                                                                 UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
|                                                    |   :   |                     |
|---|---|---|
| In re                                              |   :   |                     |
|                                                    |   :   | Chapter 15          |
| INCOME COLLECTING 1-3 MONTHS T-BILLS MUTUAL FUND,  |   :   |                     |
|                                                    |   :   | Case No. 21 -       |
|         Debtor in a Foreign Proceeding.            |   :   |                     |
|                                                    |   :   |                     |

------------------------------------------------------------------x

### NOTICE OF FILING AND HEARING ON PETITION UNDER CHAPTER 15 OF THE UNITED STATES BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that on September 10, 2021, Russell S. Homer and Karen Scott (the "JVLs" or the "Foreign Representatives"), the Joint Voluntary Liquidators of Income Collecting 1-3 Months T-Bills Mutual Fund (In Voluntary Liquidation) (the "Fund" or the "Debtor"), filed the Verified Petition for Recognition and Chapter 15 Relief (the "Petition") pursuant to chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that, among other things, the Petition seeks the entry of an order (i) recognizing the voluntary liquidation (the "Voluntary Liquidation") of the Debtor in the Cayman Islands, commenced on June 22, 2021, as a foreign main proceeding pursuant to sections 1515 and 1517 of the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and (ii) granting related relief pursuant to section 1520 and 1521 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Bankruptcy Court has scheduled a hearing to consider the relief requested in the Petition (the "Recognition Hearing") at 10:00 a.m. on October __, 2021, before the Honorable _____, United States Bankruptcy Judge, in

Courtroom __ of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004.

**PLEASE TAKE FURTHER NOTICE** that any party-in-interest wishing to submit a response or objection to the Petition or the relief requested therein must do so in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York, and in writing and setting forth the basis therefor, which response or objection must be filed with the Clerk of the Court, One Bowling Green, New York, New York 10004-1408 and served upon Klestadt Winters Jureller Southard & Stevens LLP, 200 W 41st Street, 17th Floor, New York, NY 10036, Attn: Tracy L. Klestadt and John E. Jureller, Jr., U.S. counsel to the Foreign Representatives, so as to be **actually received by them no later than 4:00 p.m. (Prevailing Eastern Time) on October __, 2021.**

**PLEASE TAKE FURTHER NOTICE** that all parties-in-interest opposed to the Petition or the request for relief contained therein must appear at the Recognition Hearing at the time and place set forth above.

**PLEASE TAKE FURTHER NOTICE** that if no response or objection is timely filed and served as provided above, the Court may grant the relief requested in the Petition without further notice.

**PLEASE TAKE FURTHER NOTICE** the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court, or a notice of adjournment filed with the Court, of the adjourned date or dates at the hearing or any other further adjourned hearing.

Copies of the Petition and all accompanying documentation are available to parties in

11

interest on the Bankruptcy Court's Electronic Case Filing System, which can be accessed from the Bankruptcy Court's website at http://www.nysb.uscourts.gov (a PACER login and password are required to retrieve a document) or upon written request to the Foreign Representatives' counsel (including by facsimile or e-mail) addressed to: Klestadt Winters Jureller Southard & Stevens LLP, 200 W 41st Street, 17th Floor, New York, NY 10036, Attn: Tracy L. Klestadt and John E. Jureller, Jr., Fax No. 212-972-2245; Email: tklestadt@klestadt.com; jjureller@klestadt.com.

Dated: September __, 2021

               KLESTADT WINTERS JURELLER
               SOUTHARD & STEVENS, LLP

               By: _____
                 Tracy L. Klestadt
                 John E. Jureller, Jr.
               200 West 41st Street, 17th Floor
               New York, New York 10036
               Tel.: (212) 972-3000
               Email: tklestadt@klestadt.com
                    jjureller@klestadt.com

               *Attorneys for the proposed Foreign Representatives*