UNITED STATES SECURITIES AND
EXCHANGE COMMISSION
Alan S. Maza
David W. Baddley
New York Regional Office
Brookfield Place, 200 Vesey St., Suite 400
New York, New York 10281
Phone: (212) 336-1100
Fax: (212) 336-1345

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In re** | Chapter 15 |
| | Case No. 21-11601(DSJ) |
| INCOME COLLECTING 1-3 MONTHS T-BILLS MUTUAL FUND, | |
| Debtor is a Foreign Proceeding | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PRELIMINARY RESPONSE AND RESERVATION OF RIGHTS BY THE
U.S. SECURITIES AND EXCHANGE COMMISSION TO VERIFIED
PETITION OF INCOME COLLECTING 1-3 MONTHS T-BILLS MUTUAL
FUND (IN VOLUNTARY LIQUIDATION) FOR RECOGNITION AND
<u>CHAPTER 15 RELIEF</u>**

The U.S. Securities and Exchange Commission ("**SEC**" or "**Commission**") presents its preliminary response and reservation of rights to the Verified Petition Of Income Collecting 1-3 Months T-Bills Mutual Fund (In Voluntary Liquidation) For Recognition And Chapter 15 Relief (ECF No. 3, the "**Verified Petition**"), filed by Russell S. Homer and Karen Scott, as joint voluntary liquidators ("**JVLs**") of Income Collecting 1-3 Months T-Bills Mutual Fund (the "**Fund**"). In support, the Commission respectfully states as follows:

**BACKGROUND**

The Commission is the federal agency responsible for regulating the securities markets, protecting investors, and enforcing the federal securities laws. The Commission is appearing in this case as a creditor holding substantial monetary claims against the Fund for disgorgement of ill-gotten gains, prejudgment interest and civil penalties. Those claims arise from the Fund's unlawful investment scheme, which has defrauded the Fund's largest and only remaining investor – Mosaic Financial Ltd. ("**Mosaic**") – out of approximately $106 million.

The Commission filed a civil enforcement action (the "**SEC Action**") against the Fund, and others, in U.S. District Court on June 21, 2021.[1] The Commission alleges that, at all relevant times, Ofer Abarbanel (a named defendant who resided in Woodland Hills, California) exercised control over the Fund, its investments and operations, and its dealings with investors. On June 23, 2021, the U.S. Attorneys' Office in the Southern District of New York, filed a criminal complaint against Abarbanel in the U.S. District Court based on allegations similar to those in the Commission's complaint.[2] Abarbanel was arrested in California the next day, and the criminal and civil charges against him remain pending.

On June 21, 2021, the District Court entered an order in the SEC Action freezing all of Fund's accounts "that contain investor funds and/or ill-gotten proceeds of the fraudulent scheme, subject to disgorgement and any civil penalties the Court may impose." [SEC Action, ECF No. 4 at p.2, the "**Asset Freeze Order**"].[3] The Asset Freeze Order remains in effect pending further

---

[1] The case is styled *Securities and Exchange Commission v. Abarbanel, et. al.*, Civil Action No. 21-cv-5429 (S.D.N.Y.). A copy of the Commission's Complaint is attached as Exhibit C to the *Declaration of Russell S. Homer in Support of Chapter 15 Petition* filed in this case [ECF No. 5, the "**Homer Declaration**"].

[2] The case is styled *United States of America v. Ofer Abarabanel*, Case No. 1:21-cr-00532-LAK (S.D.N.Y.).

[3] A copy of the Asset Freeze Order is attached as Exhibit E to the Homer Declaration.

order of the District Court. To date, the Asset Freeze Order covers nearly $75 million of investor funds held in the Fund's U.S. bank and brokerage accounts. These funds are traceable to the investments made by Mosaic.

The day after the Asset Freeze Order was entered, on June 22, 2021, the Fund's sole managing shareholder – NY Alaska ETF Management LP, a Bahamian limited partnership ("**NY Alaska**") – purportedly executed a special resolution appointing the JVLs as voluntary liquidators of the Fund. It is unclear who signed the special resolution for NY Alaska, but the signature appears to be that of an individual named Boisy Roberts, who resides in the Bahamas. Mr. Roberts also signed the board resolution authorizing the Fund to appoint the JVLs. Roberts signed that resolution as the "Director and Chairman of the Board of Directors of the Company."[4]

In its complaint, the Commission alleges that, prior to his arrest, Abarbanel exercised control over the Fund with the substantial assistance of Victor Chilelli, a co-defendant in the SEC Action. Although it appears that Roberts may have had the titles of "Director" and "Chairman" during that time, his actions on behalf of the Fund were ultimately directed by Abarbanel. It is unknown what role Abarbanel may have had in directing Roberts to authorize the voluntary liquidation or in appointing the Voluntary Liquidators.

On June 25, 2021, the JVLs filed a petition with the Grand Court of the Cayman Islands (Financial Services Division) seeking to voluntarily wind up the Fund under court supervision. That petition includes a request for the court to name the JVLs as the joint official liquidators of the Fund. A hearing on the petition is scheduled for October 11, 2021.

---

[4] A copy of the resolution is attached as Exhibit A to the Homer Declaration.

On September 10, 2021, the JVLs filed a Chapter 15 Petition for Recognition of a Foreign Proceeding. (ECF No. 1). Because the Fund's only known assets in the United States are subject to the Asset Freeze Order and are traceable to Mosaic, and the Fund does not have any other significant creditors, the purpose of the Cayman liquidation and this Chapter 15 case is questionable. Further, in its Verified Petition, the JVLs seek: (i) recognition of the voluntary liquidation proceeding in the Cayman Islands as a foreign main proceeding; (ii) a stay of any action against the Fund in the United States and application of Section 362 of the Bankruptcy Code in this Chapter 15 case, pursuant to Sections 105(a) and 1520(a)(1) of the Bankruptcy Code; and (iii) a stay of any action against the Fund in the United States pursuant to Sections 105(a) and 1521(a) to the extent not already stayed under Section 1520(a). (ECF No. 3). But the only known litigation involving the Fund in the United States at this time is the SEC Action, which as discussed below, is not stayed by a Chapter 15 case.

## PRELIMINARY RESPONSE

No aspect of the Fund's Chapter 15 case or any order granting recognition of the Cayman liquidation (either as a main or nonmain proceeding) should stay or otherwise interfere with the pending SEC Action, including the Asset Freeze Order. Among the relief sought by the Fund in its Verified Petition (ECF No. 3) is "a stay of any action against the [Fund] in the United States…" pursuant to Sections 105(a), 1520(a)(1) and 1521(a). [Id. at pp. 1-2]. The Fund also requests "application of section 362 of the Bankruptcy Code in this Chapter 15 Case." [Id. at p. 1].

The Bankruptcy Code is clear that police and regulatory actions by a governmental unit (which includes the Commission)[5] are not stayed or enjoined in a Chapter 15 case. First, if this Court recognizes the Fund's Cayman liquidation as a foreign main proceeding,[6] then section 362 of the Bankruptcy Code will apply with respect to the Fund and its property located within the United States. 11 U.S.C. §1520(a)(1). However, Section 362(b)(4) contains a "police and regulatory" exception for actions and proceedings by governmental units. 11 U.S.C. §362(b)(4). This exception allows the Commission to continue litigating the SEC Action against the Fund, and does not stay the enforceability of the Asset Freeze Order. S.E.C. v. Miller, 808 F.3d 623, 625 (2nd Cir. 2015) (holding that entry of pre-judgment asset freeze order in SEC enforcement action is exempt from automatic stay pursuant to Section 362(b)(4)); S.E.C. v. Wolfson, 309 B.R. 612 (D. Utah. 2004) (holding that SEC is not stayed from proceeding with contempt motion against Chapter 11 debtor for debtor's violation of asset freeze order). The only limitation to the police and regulatory stay exception is that the Commission may not enforce a money judgment against the Fund without relief from stay. 11 U.S.C. §362(b)(4).

In addition, the JVLs seek a stay of any action against the Fund in the United States pursuant to Sections 1521(a)(1) and 105(a) to the extent not already stayed under Section 1520(a). However, Section 1521(d) makes clear that "[t]he court may not enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding, under this

---

[5] The term "governmental unit" includes any agency of the United States. 11 U.S.C. §101(27).

[6] In its Verified Petition, the JVLs seek recognition of the Cayman liquidation as a "foreign main proceeding," which means "a foreign proceeding pending in the country where the debtor has the center of its main interests." 11 U.S.C. §1502(4). The Commission has concerns with respect to whether the Cayman liquidation meets the legal standard for a "foreign main proceeding" under the statute and reserves its rights to supplement its Preliminary Response with a more formal objection to the Verified Petition on this issue, as well as on the issue of whether the Cayman liquidation is a "foreign nonmain proceeding" pursuant to Section 1502(5) of the Bankruptcy Code.

section." 11 U.S.C. §1521(d).  Thus, for the same reasons the SEC Action cannot be stayed under Section 1520(a), it likewise cannot be stayed under Section 1521(a).

For these reasons, the Commission requests that any order recognizing the Cayman liquidation as either a foreign main or foreign nonmain proceeding recognize that the SEC Action, including the enforceability of the Asset Freeze Order, is not stayed in accordance with Sections 362(b)(4) and 1521(d) of the Bankruptcy Code.

### RESERVATION OF RIGHTS

The Commission reserves the right to supplement its response, and to assert additional objections, to the relief sought in the Verified Petition prior to the applicable deadline.

Dated: New York, New York
October 7, 2021

      UNITED STATES SECURITIES AND
      EXCHANGE COMMISSION

      By: /s/ Alan S. Maza
      Alan S. Maza
      David W. Baddley
      Senior Bankruptcy Counsel
      New York Regional Office
      200 Vesey St., Suite 400
      New York, New York 10281
      Phone: (212) 336-1100
      Fax: (212) 336-1348
      Mazaa@sec.gov

Of Counsel: Alistaire Bambach